**[Cite as *Adams v. Univ. of Cincinnati*, 2015-Ohio-4853.]**

## IN THE COURT OF CLAIMS OF OHIO

DEBRA ADAMS

    Plaintiff

    v.

UNIVERSITY OF CINCINNATI

    Defendant

Case No. 2014-00919-AD

Clerk Mark H. Reed

MEMORANDUM DECISION

{¶1} This matter is before the court as a result of a complaint filed by Debra Adams on November 21, 2014 against the University of Cincinnati, hereinafter "the University". In her claim, Ms. Adams seeks total damages in the amount of $5,149.43, which includes reimbursement for a tax liability owed the Internal Revenue Service in the amount of $1,413.00, interest owed on a 2002 student loan totaling $1,633.49 and reimbursement of a check issued in 2002 for $2,102.94. The University of Cincinnati filed an investigation report with this court on January 30, 2015 and thereafter Ms. Adams filed a response on February 27, 2015.

{¶2} The documents filed by the parties are not inconsistent regarding the essential facts of the case. The parties do, however, differ on the issue of legal responsibility.

{¶3} The facts that gave rise to this case began in 2002 when claimant's daughter, Branda Combs, enrolled as a student at the University. In order to help pay for her daughter's education, Ms. Adams took out a series of three Parent Plus loans in November 2002, December 2002, and April 2003. Each of the loans were in the amount of $2,814.94 for a total of $8,444.82. The April 2003 loan, however was returned to the lender when Brenda Combs withdrew from school. The total loan amount for the Parent Plus loans in question, therefore, was $5,629.88.

**{¶4}** A subsequent audit of the University's Federal Family Loan Program determined that the University did not properly administer loans for students like Branda Combs who had withdrawn from school before completing their education. As a result of this finding, a series of rather complicated accounting entries were required by auditors to bring the University in compliance with federal regulations. As a result of this audit, the University ended up forgiving the $5,629.88 in Parent Plus loans owed by Ms. Adams. Because the debt was cancelled, a 1099-C form for the tax year 2012 was forwarded to the United States Internal Revenue Service showing a debt of $5,629.88, owed by Debra Combs n/k/a Debra Adams, as being discharged by the University. Because the Internal Revenue Service regards discharged debt as income to the taxpayer, Ms. Adams apparently incurred $1,413.00 in income taxes as a result of the $5,629.88 having been forgiven.

**{¶5}** It is the position of the claimant that the University of Cincinnati should reimburse her for the taxes owed the IRS as a result of the cancellation of the loan, as it was the University's failure to account for the loan properly that gave rise to the tax consequences she now faces. However, it must be pointed out that the tax that claimant now owes is a result of the University forgiving a debt of $5,629.88. If the University of Cincinnati had accounted for the loan properly, the claimant would owe or more likely already have paid the $5,629.88 amount, with interest, to the lender. By cancelling the loan, the University has essentially given the claimant a windfall of $5,629.88. She will, by IRS rules, be required to pay taxes on this amount. Having thus received the benefit, she will have to comply with IRS rules as a result. Therefore, Ms. Adams, not the University of Cincinnati, is responsible for the taxes owed the IRS.

**{¶6}** Similarly, claimant disputes her liability for the accumulated interest on the discharged debt. However, whether claimant had paid the original debt, or as here, had the debt otherwise discharged, she still would have owed interest on the principal. That the debt was discharged now, rather than paid over the course of time, is really a

distinction without a difference.  Therefore, Ms. Adams is also responsible for the interest owed on her loans.

{¶7} Finally, claimant disputes that the University, when completing the audit of the student loan account in question, determined that it had already refunded the sum of $2,102.94 in 2002 to the claimant.  The claimant denies ever receiving the money. The University, however, produced a cancelled check to Debra Combs for this amount with claimant's signature as an endorsement on the back of the check.  Ms. Combs stated in her response that the check was sent to her daughter's address and her daughter must have signed her mother's name and placed the funds into her own account. Regardless, whether Ms. Combs or her daughter cashed the check, the University properly discharged its responsibility.  If Ms. Combs has a claim for reimbursement for this amount, it is against her daughter who apparently, without her mother's knowledge or consent, signed her mother's name and used the funds for her own benefit.

{¶8} Therefore, for the reasons set forth above, the claim must fail and the complaint filed November 24, 2014 is dismissed.


**IN THE COURT OF CLAIMS OF OHIO**


DEBRA ADAMS

    Plaintiff

    v.

UNIVERSITY OF CINCINNATI

    Defendant

Case No. 2014-00919-AD

Clerk Mark H. Reed

<u>ENTRY OF ADMINISTRATIVE DETERMINATION</u>

Having considered all the evidence in the claim file, and for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor of defendant.  Court costs are assessed against plaintiff.

_____
MARK H. REED
Clerk

Entry cc:

Debra Adams
4562 Trenton Franklin Road
Middletown, Ohio  45042

Katherine A. Miefert, Assistant
General Counsel
University of Cincinnati
246 University Hall
51 Goodman Drive, PO Box 210661
Cincinnati, Ohio  45221-0661

Filed 3/27/15
Sent to S.C. Reporter 11/24/15